# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,         )
                             )
       Plaintiff,        )
                             )
vs.                          )    Case No. 11-4110-WEB-KGG
                             )
ESIS CLAIMS UNIT,            )
                             )
       Defendant.        )
                                      )

## ORDER ON IFP STATUS

     Plaintiff Marjorie Creamer filed a federal court Complaint alleging products liability against a Michigan corporation. In conjunction with her Complaint, Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP Application*, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 4, sealed). Having reviewed Plaintiff's motion, as well as her Complaint, the Court is prepared to rule.

     Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to her supporting financial affidavit, Plaintiff is 54-years-old. Under Section B., where Plaintiff is to indicate she is single, married, separated, or divorced, Plaintiff marks "single," but then also writes in "other" with a corresponding checkmark and no other explanation or clarification. (Doc. 4, sealed, at 1.) The Court is justifiably confused as to Plaintiff's marital status. She does not, however, list a spouse's name or spouse's employment; she also lists no dependents. (*Id*., at 1-2.) She crosses out the sections for current or former employment. (*Id*., at 2-3.) The only amount she lists as a source of income is a small, monthly payment of Social Security benefits. (*Id*., at 5.)

Plaintiff does not own real property and pays a small amount for her

monthly rent. (*Id*.)  She has one modest automobile, which apparently is the subject of her lawsuit and on which she is still making payments. (*Id*., at 4.)  She lists no cash on hand. (*Id*.)  In the blanks allowed for standard, listed monthly expenses, Plaintiff simply writes in "1200.00" and "150.00" diagonally across the entries for groceries/gas/electric and phone/water/car insurance. (*Id*., at 5.)  Suffice it to say, the Court has no idea how much Plaintiff is paying for specific monthly bills and, thus, no real way of determining whether those amounts are reasonable.  She also lists a significant amount of credit card debt as well as an "unknown amount" of medical bills. (*Id*., at 5-6.)  She filed for bankruptcy in 2004 or 2005. (*Id*., at 6.)

     Given the nonspecific and incomplete nature of the information contained in Plaintiff's financial affidavit, the Court does not have sufficient information to determine Plaintiff's true financial status.  The Court does not know the meaning of "other" in regard to Plaintiff's marital status.  The Court is uncertain whether Plaintiff has ever had a job of any kind.  If the only income she receives is the modest Social Security benefits, Plaintiff's monthly expenses exceed this income by over $1,000.00 with no explanation as to how Plaintiff is able to address this monetary shortfall each month.

     Considering the numerous issues raised by Plaintiff's financial affidavit, the

Court cannot definitively state whether her monthly expenses exceed her monthly income, how she deals with any potential financial shortfall, and/or whether her expenses are reasonable.  As such, Plaintiff's *IFP* motion is **taken under advisement**, and she is directed to supply the Court with the following supplemental financial information:

1. an explanation of her marital/relationship status (including whether some type of domestic partner in her home is employed and contributes to the household financial obligations);

2. an indication of whether she has ever been employed and, if so, the requisite information regarding her former employment;

3. a specific breakdown of her monthly expenses by <u>line item</u> as indicated in the financial affidavit; and

4. a clarification of the amount owed on medical bills (or, at a minimum, an indication of how much she is billed or paying on a monthly basis).

This supplemental document shall be filed on or before **November 8, 2011**, under seal, in the same manner as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) and her Affidavit of Financial Status (Doc. 4).[1]  If Plaintiff

---

[1] If Plaintiff chooses, she may simply fill out another financial affidavit (to include all of the Court's requested information) and file it as a supplemental form, under seal.

fails to file the supplemental affidavit regarding her finances with necessary clarifications as outlined in this Order, this Court will immediately recommend to the District Court that her *IFP* motion be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is taken **under advisement** pending Plaintiff's submission of the additional information identified in the discussion set forth above on or before **November 8, 2011**. Should Plaintiff fail to file supplemental financial information as outlined in this Order, this Court will immediately recommend that this motion be denied.

Dated at Wichita, Kansas, on this 18th day of October, 2011.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge