IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,            )
                                )
         Plaintiff,             )
                                )
v.                              )       Case No. 11-4110-WEB
                                )
ESIS CLAIMS UNIT and ANNETTE    )
RIGDON,                         )
                                )
         Defendants.            )

Memorandum and Order

Plaintiff Marjorie Creamer filed the above entitled action alleging a product liability claim. On December 26, 2011 Creamer filed a Motion for Default Judgment (Doc. 12), and on January 6, 2012, Creamer filed a Motion for Summary Judgment (Doc. 16). For the reasons stated below, the Motion for Default is denied, and the Motion for Summary Judgment is dismissed.

Creamer refers to Fed.R.Civ.Pr. 12(a), arguing that the Defendants have not filed a response and therefore entry of judgment is appropriate. The filing of a motion under Federal Rule Civil Procedure 12 alters the time to file an answer. If the court denies the motion, the defendant has 14 days after notice of the court's order in which to file. Fed.R.Civ.P. 12(a)(4)(A). In the case at hand, Defendants timely filed a Motion to Dismiss, which presents arguments that Creamer failed to state a claim upon which relief can be granted, defenses under Fed.R.Civ.P. 12(b)(6). The Court has not ruled on the defendant's motion, and Creamer has not responded to the Motion. Since Defendants have timely filed a Motion to Dismiss, which is pending, Creamer's Motion for Default is denied.

Creamer filed a Motion for Summary Judgment, which is one page, handwritten, and is

absolutely void of any factual basis or legal argument.  Local rules specify a motion for summary judgment "must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists.  The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."  D.Kan.Rule 56.1(a).  Creamer has not complied with the local rules.  The Motion for Summary Judgment filed by Creamer does not meet the local rule requirements, neither does it offer uncontroverted facts or legal argument.  The Motion itself presents a questions, instead of argument and conclusions.  Creamer's Motion for Summary Judgment is dismissed for failure to comply with local rules.

IT IS THEREFORE ORDERED that Creamer's Motion for Default (Doc. 12) is denied, and Creamer's Motion for Summary Judgment (Doc. 16) is dismissed.

IT IS SO ORDERED this 10th day of January, 2012.

*[signature]*

Wesley E. Brown
Senior United States District Court Judge