IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MARJORIE A. CREAMER,         )
                             )
        Plaintiff,           )
                             )
v.                           )   Case No. 11-4110-RDR
                             )
ESIS CLAIMS UNIT and         )
ANNETTE RIGDON,              )
                             )
        Defendants.          )

MEMORANDUM AND ORDER

Plaintiff Marjorie Creamer filed this consumer protection and product liability case alleging injury sustained in an automobile accident resulting from the failure of an air bag to deploy and a defective steering wheel motor. Because Creamer has failed to allege any facts to support her claims, Defendants' motion to dismiss (Doc. 13) is granted.

I. Alleged Facts

Creamer did not provide detailed facts, and the following facts are compiled from her complaint, as well as any other motions, responses, and correspondence filed in the case.

On September 24, 2009, Creamer was involved in an automobile accident in which her 2006 Chevy Cobalt hit a utility pole. The air bag did not deploy, causing Creamer injury. Creamer alleges the failure of the air bag to deploy was caused by a recalled steering motor. Creamer further alleges she was not notified of the recall.

Creamer called ESIS Claims Unit and as far as the court can tell, spoke with Annette Rigdon. Creamer was never told about the defective steering motor and ESIS did not address her claim or offer to settle her dispute. Creamer also refers to a diagnostic report, which is not provided, and a person by the name of "Carlos" from ESIS who was sent to look at the car.

Creamer does not clarify or expand on either statement.

II. Standard

With a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. Sunrise Valley, LLC v. Kempthorne, 528 F.3d 1251, 1254 (10th Cir. 2008). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The possibility that the plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff must nudge his or her "claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570.

Plaintiff is proceeding pro se, and her pleadings are entitled to a liberal interpretation. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

> "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail...and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him should be allowed to amend his complaint...Nevertheless, conclusory allegations without supporting allegations are insufficient to state a claim."

Id. (interior citations omitted).  "[A]llegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."  Bryan v. Stillwater Board of Realtors, 578 F.2d 1319, 1321 (10th Cir. 1977).

III.  Discussion

Plaintiff marked a number of actions on the civil cover sheet.  Doc. No. 2.  Specifically, Plaintiff marked contract product liability, motor vehicle product liability, personal injury product liability, and a violation of the Americans with Disabilities Act.  In the complaint, Plaintiff makes reference to automobile product liability.

Defendants request dismissal, arguing the complaint fails to identify facts supporting any plausible cause of action against either defendant.  Defendants assert that the complaint is focused on the vehicle defects, but Plaintiff has not alleged facts to link the alleged vehicle defects to the defendants.  Defendants also point out that Plaintiff has not alleged any facts related to a civil rights violation of the Americans with Disabilities Act.

Section 60-3302 of the Kansas Product Liability Act provides:

(c) "Product liability claim" includes any claim or action brought for harm caused by the manufacture, production, making, construction, fabrication, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, storage or labeling of the relevant product.  It includes, but is not limited to, any action based on, strict liability in tort, negligence, breach of express or implied warranty, breach of, or failure to, discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation, concealment or nondisclosure, whether negligent or innocent, or under any other substantive legal theory.

(d) "Harm" includes: (1) Damage to property; (2) personal physical injuries, illness and death; (3) mental anguish or emotional harm attendant to such personal physical injuries, illness or death.  The term 'harm' does not include direct or consequential economic loss.

K.S.A. 60-3302(c) and (d).  The KPLA applies to all product liability claims regardless of their

substantive theory or recovery.  Fennesy v. LBI Management, Inc., 18 Kan.App.2d 61, 65-66, 847 P.2d 1350, 1355 (1993).  However, claims requesting purely economic damages caused by defects must be stated under a different legal theory.  Gonzalez v. Pepsico, Inc., 489 F.Supp.2d 1233, 1241 (D.Kan. 2007).   Kansas law recognizes three ways in which a product may be defective: (1) a manufacturing defect; (2) a warning defect: and (3) a design defect.  Savina v. Strling Drug, Inc., 247 Kan. 105, 114, 795 P.2d 915 (1990).

Plaintiff's complaint fails to identify whether she is proceeding under a manufacturing defect, a warning defect, or a design defect.  Furthermore, plaintiff has not identified ESIS Claims or describe how it is responsible for any defect in the car.  The Court does not know whether ESIS is part of Chevrolet or General Motors, a separate claims department, or an insurance claim department.  Along those lines, Plaintiff has not identified who Annette Rigdon is, and how she is liable.

Finally, Plaintiff has not alleged any facts related to a violation of the Americans with Disabilities Act.

Although Plaintiff does not request an opportunity to amend the pleadings, since she is proceeding pro se, the Court will consider whether it is appropriate.  A pro se plaintiff who fails to allege sufficient facts should be given a reasonable opportunity to amend the complaint if justice so requires.  Roman-Nose v. New Mexico Dept. Of Human Services, 967 F.2d 435, 438 (10th Cir. 1992); Fed.R.Civ.P. 15(a).  However, leave to amend is not appropriate where amendment would be futile.  Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).  An amended complaint is futile when it would still be subject to dismissal.  Id.

Plaintiff filed a very similar action against General Motors, Case No. 11-4028-CM.  In

that case, the Court found that General Motors had filed a notice of bankruptcy and that any action by the District Court in Kansas would be a violation of the automatic stay. Plaintiff's complaint was dismissed. The record shows that Creamer filed many frivolous motions and requests, and filing restrictions were imposed after a number of motions to reconsider.

Considering the pleadings filed in the case at hand, the complete lack of factual support for the allegations, and the numerous frivolous filings and requests filed by Creamer,[1] the Court will not allow Creamer to amend the pleadings. Refusing to allow Plaintiff to amend is justified as the history of the case at hand and the previous case show that Plaintiff has failed to properly state a claim or follow the proper procedures. The court will not provide Plaintiff a third opportunity to attempt to state a valid legal theory and facts in support as it is clear amendment would be futile.

IV. Conclusion

For the above-stated reasons, defendants' motion to dismiss (Doc. 13) shall be granted. The court shall also deny plaintiff's motion for summary judgment (Doc. 26). As the court has explained, plaintiff has failed to state a claim for relief against defendants. Therefore, summary judgment in plaintiff's favor is not proper. Finally, plaintiff's motion for new judge and motion for change in the place of trial (Doc. 23) shall be considered moot.

The Clerk's Office shall enter judgment accordingly.

---

[1] Doc. Nos. 9, 12 and 16 are examples of frivolous pleadings filed by Plaintiff in this case.

IT IS SO ORDERED this 26th day of April, 2012.

                                                          s/Richard D. Rogers
                                                          United States District Judge